IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| ROSELLE FARMERS LUMBER COMPANY an Illinois corporation, | ) ) ) ) | Judge Magistrate Judge |
| Defendant. | ) ) | |

**FILED**
**FEBRUARY 6, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PH**

**08 C 788**

**JUDGE COAR**
**MAGISTRATE JUDGE COX**

## COMPLAINT

Plaintiffs, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND ("Fund"), by their attorneys, JOHN J. TOOMEY, ARNOLD AND KADJAN, complain against Defendant, ROSELLE FARMERS LUMBER COMPANY, an Illinois corporation, as follows:

### JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendment Acts of 1980, 29 U.S.C. §1001-1461 ("ERISA").

3. This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§1132(e), 1132(f) and 1451(c).

4. Venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), in that the Suburban Teamsters of Northern Illinois Pension Fund is administered at its principal place of business in West Chicago, Illinois.

## PARTIES

5.  Plaintiffs are the TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND ("Fund"), and the Fund is a multiemployer pension plan within the meaning of Section 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

6.  The present trustees of the Pension Fund are the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. §1301(a)(10)(A). The Trustees administer the Pension Fund at 1275 W. Roosevelt Road, West Chicago, Illinois.

7.  Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

8.  ROSELLE FARMERS LUMBER COMPANY, is an Illinois corporation with its principal place of business at Roselle, Illinois and is or was engaged in an industry affecting commerce.

9.  ROSELLE FARMERS LUMBER COMPANY and any other trades and business under common control with them (the "Roselle Control Group") constitutes a single employer within the meaning of 29 U.S.C. 1301(b)(1) and the regulations thereunder.

10. The Roselle Control Group is the "employer" for purposes of the determination of withdrawal liability under Title IV of ERISA.

11. ROSELLE FARMERS LUMBER COMPANY was subject to collective bargaining agreements, executed between itself and Teamsters Local 673 under which ROSELLE FARMERS LUMBER COMPANY was required to make contributions to the Pension Fund on behalf of certain of its employees.

## **CLAIM FOR RELIEF**

12. The Pension Fund has determined that during the plan year from January 1, 2007 to December 31, 2007, the Roselle Control Group permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. §1383.

13. As a result of this complete withdrawal, all entities constituting the Roselle Control Group including ROSELLE FARMERS LUMBER COMPANY incurred withdrawal liability to the Pension Fund in the amount of $81,614.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. §1381(b) (the "Withdrawal Liability").

14. On or about January 23, 2007 ROSELLE FARMERS LUMBER COMPANY received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§1382(2) and 1399(b)(1).

15. The notice notified ROSELLE FARMERS LUMBER COMPANY that it was required to discharge its liability in four (4) quarterly payments beginning February 1, 2007 of $13,431.00 with a final payment due on August 1, 2008.

16. On or about April 2, 2007 the Roselle Controlled group through ROSELLE FARMERS LUMBER COMPANY and its counsel, received a notice from the Pension Fund pursuant to 29 U.S.C. 1399(c)(5)(A) that its withdrawal liability payments were past due.

17. Pursuant to 29 U.S.C. 1399(c)(2) withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review. No such request for review has been made by Defendant.

18. To date no member of the Roselle Control Group including Defendant, ROSELLE FARMERS LUMBER COMPANY has made any of the requested withdrawal liability payments to the Pension Fund. The Roselle Control Group is in default within the meaning of 29 U.S.C. 1399(c)(5).

19. As a result of the default, the Trustees have accelerated the payment of the full amount of withdrawal liability and the Roselle Control Group is now liable for the full amount of withdrawal liability assessed of $81,614.00 together with interest calculated from the February 1, 2007 due date of the missed payment giving rise to the default.

20. The members of the Roselle Control Group including Defendant, ROSELLE FARMERS LUMBER COMPANY are jointly and severally liable for the withdrawal liability.

WHEREFORE, Plaintiffs request the following relief:

A. A judgment for the Plaintiffs and against the Defendant ROSELLE FARMERS LUMBER COMPANY, together with all other members of the Roselle Control Group, jointly and severally for the full amount of withdrawal liability assessed of $81,614.00 together with interest calculated from February 1, 2007 through the date of the judgment.

B. Pursuant to 29 U.S.C. 1451(e), an award of all costs and expenses incurred in connection with the action including reasonable attorneys fees.

C. Such further or different equitable relief as the court deems just and proper to protect the assets of the Pension Fund and assure prompt payment.

Respectfully submitted,

**s/John J. Toomey**
ARNOLD AND KADJAN
19 W. Jackson Blvd., Suite 300
Chicago, IL 60604
Telephone No.: (312) 236-0415
Facsimile No.: (312) 341-0438
Dated: January 31, 2008

Case 1:08-cv-00788    Document 1    Filed 02/06/2008    Page 5 of 5