IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>ROSELLE FARMERS LUMBER COMPANY, an Illinois corporation,<br><br>Defendant. | No. 08 C 788<br><br>Judge Coar<br><br>Magistrate Judge Cox |

## AFFIDAVIT

JOSE M. COLIN, upon being first duly sworn deposes and states as follows:

1. Affiant is employed by the Suburban Teamsters Pension Fund ("Fund") as the Fund Administrator and is familiar with the facts underlying this case.

2. Roselle Farmers Lumber Company, was subject to a collective bargaining agreement with Teamsters Local 673 requiring it to make contributions to the Fund on behalf of certain of its employees.

3. The Fund has determined that during the plan year from January 1, 2007 to December 31, 2007, the Roselle Control Group permanently ceased to have an obligation to contribute to the Pension Fund therefore effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

4. As a result of this complete withdrawal, all entities constituting the Roselle Control Group, including Defendant Roselle Farmers Lumber Company, incurred actuarily computed withdrawal liability to the Fund in the amount of $81,614.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

5. On or about January 23, 2007, Roselle Farmers Lumber Company, received a notice and demand for payment of withdrawal liability issued by the Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

6. The notice notified Roselle Farmers Lumber Company that it was required to discharge its liability in four (4) quarterly payments beginning February 1, 2007 of $13,431.00 with a final payment due on August 1, 2008.

7. On or about January 25,. 2008 the Roselle Control Group received a notice from the Fund pursuant to 29 U.S.C. § 1399(c)(5)(A) that its withdrawal liability payments were past due.

8. On or about January 25, 2008 the Roselle Control Group through Roselle Farmers Lumber Company, received a notice from the Fund pursuant to 29 U.S.C. § 1399(c)(5)(A) that its withdrawal liability payments were past due and that the full $81,614.00 was now due as a result.

9. Pursuant to U.S.C. § 1399(c)(2) withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review. No such request for review has been made by Defendant.

10. To date no member of the Roselle Control Group, including Defendant Roselle Farmers Lumber Company, has made any of the requested withdrawal liability payments to the Fund. The Roselle Control Group is in default within the meaning of 29 U.S.C. § 1399(c)(5).

11. As a result of the default, the Trustees of the Fund have accelerated the payment of the full amount of withdrawal liability and the Roselle Control Group is now liable for the full amount of withdrawal liability assessed of $81,614.00.

12. Affiant suffers from no disability and can so testify and affirm such facts.

11. As a result of the default, the Trustees of the Fund have accelerated the payment of the full amount of withdrawal liability and the Roselle Control Group is now liable for the full amount of withdrawal liability assessed of $81,614.00.

12. Affiant suffers from no disability and can so testify and affirm such facts.

FURTHER AFFIANT SAYETH NOT.

_____
JOSE M. COLIN

SUBSCRIBED AND SWORN
to before me this /4 day of
March, 2008.

_____
Notary Public

"OFFICIAL SEAL"
G MENDEZ
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 03/01/10

3