**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 08 C 788 |
| | ) | Judge Coar |
| ROSELLE FARMERS LUMBER COMPANY, an Illinois corporation, a/k/a ROSELLE LUMBER COMPANY, | ) ) ) ) | Magistrate Judge |
| Defendant. | ) ) | |

<u>**PLAINTIFFS' LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS AS TO WHICH THE MOVING PARTY CONTENDS THERE IS NO GENUINE ISSUE AND THAT ENTITLE THE MOVING PARTY TO JUDGMENT AS A MATTER OF LAW**</u>

<u>Description of the Parties</u>

1.    Plaintiffs Trustees of the Suburban Teamsters of Northern Illinois Pension Fund ("Trustees") are the plan sponsors of the Pension Fund ("Fund") for the Suburban Teamsters of Northern Illinois, within the meaning of Section 4001(a)(10)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1301(a)(10(A). Answer, ¶¶ 5-6; Colin Aff., ¶ 3.

2.    The Fund is a multiemployer pension plan within the meaning of Section 3(37) and 4001(a)(3) of ERISA, 28 U.S.C. §§ 1002(37) and 1301(a)(3). Answer, ¶ 5; Colin Aff., ¶ 4.

3.    The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements on behalf of employees of the participating employers. Colin Aff., ¶ 5.

4.      All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Fund and paying the administrative expenses of the Fund.  Colin Aff., ¶ 6.

5.      Defendant Roselle Farmers Lumber Company, a/k/a Roselle Lumber Company ("Roselle") is an Illinois corporation and is or was engaged in an industry affecting commerce. Answer, ¶ 8.

<u>Jurisdiction and Venue</u>

6.      Personal and subject matter jurisdiction over this action is based upon 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c), which have not been objected to by Defendant.  Answer, ¶ 3.

7.      The Trustees administer the Fund at 1275 W. Roosevelt Road, West Chicago, Illinois, which is within the District of this Court.  Answer, ¶¶ 4, 6; Colin Aff., ¶ 1.

<u>Roselle's Operations</u>

8.      From at least the year ending December 31, 1997 and into the year ending December 31, 2006, Roselle employed persons represented for collective bargaining by Teamsters Local 673, whose members participate in the Fund.  Colin Aff., ¶ 7; Kamphuis Dep., p. 6-7.

9.      Kamphuis was subject to a collective bargaining agreement between itself and Teamsters Local 673 requiring Roselle to make contributions to the Fund on behalf of certain of its employees.  Answer, ¶ 11; Kamphuis Dep., p. 5-6.

10.     From at least the year ending December 31, 1997 and into the year ending December 31, 2006, Roselle made pension contributions to the Fund for its employees represented by Teamsters Local 673, as called for in the collective bargaining agreement.  Colin Aff., ¶ 8; Kamphuis Dep., p. 6.

<u>Withdrawal Liability and Notice Thereof</u>

11.     Roselle ceased employing teamsters in October, 2006.  Kamphuis Dep., p. 7.

12.     Roselle did not employ any persons engaged in operations requiring contributions to the Fund since 2006.  Colin Aff., ¶¶ 9-10; Kamphuis Dep., p. 7.

13.     On January 23, 2007, the Fund Manager for the Trustees, Jose M. Colin, sent Roselle a letter stating that, pursuant to the United States Code, the plan's sponsor was notifying Roselle of the amount of withdrawal liability that it had incurred due to the cessation of its obligations to contribute to the Fund.  Exhibit A to Plaintiff's Req. to Admit; Response to Req. to Admit., ¶ 5; Colin Aff., ¶ 13.

14.     The January 23, 2007, letter from Mr. Colin was received by Roselle on or about January 25, 2007.  Response to Req. to Admit., ¶ 5, Ex. A; Answer, ¶ 14; Kamphuis Dep., p. 8, Ex. 2.

15.    The January 23, 2007, letter from Mr. Colin, on behalf of the Trustees, stated, *inter alia*,

that:

> Roselle Lumber Company completely withdrew from the Suburban Teamsters of
> Northern Illinois Pension Fund ("Pension Fund") during the plan year ending on
> December 31, 2006.  Under the provisions of Section 4219 of the Employee Retirement
> Income Security Act of 1974 ("ERISA"), as modified by the Multiemployer Pension Plan
> Amendments Act of 1980, you are hereby notified that your company is obligated to pay
> the Pension Fund the amount of $81,614.00 as a withdrawal liability assessment.  This
> amount is payable in quarterly installments of $13,431.00, commencing on February 1,
> 2001, and with following payments in the same amount due on May 1, 2007, August 1,
> 2007, November 1, 2007, February 1, 2008, May 1, 2008, with a final payment of
> $5,355.00 due on August 1, 2008. . . .
>
> If you fail to make any payment when due, the entire balance will become immediately
> due and payable and the Pension Fund will assess interest from the due date and will
> undertake appropriate legal action to collect the withdrawal liability.  I also direct your
> attention to ERISA Sections 4219 and 4221 for a description of rights you may have in
> connection with this assessment of withdrawal liability.

Exhibit A to Plaintiff's Req. to Admit; Response to Req. to Admit., ¶ 5; Kamphuis Dep., p. 8,

Ex. 2.


16.    The amount of withdrawal liability, and the payment schedule, were calculated by the

Fund's actuary.  Using the presumptive allocation method, allowed for under Section 4211(b) of

ERISA, 29 U.S.C. Section 1391, the amount of Roselle's total withdrawal liability was

calculated to be $81,614.00.  Feinstein Aff., ¶¶ 8, 12.


17.    The Fund's actuary also calculated a quarterly payment schedule.  That schedule required

six (6) payments of $13,431.00 per quarter, plus a final payment of $5,355.00.  Feinstein Aff., ¶

12.

<u>Default of Payment</u>

18.    Roselle failed to make its first withdrawal liability payment of $13,431.00 by the due date of February 1, 2007.  Answer, ¶ 18; Response to Req. to Admit, ¶ 13; Kamphuis Dep., p. 10.

19.    Roselle has not paid any amount of the withdrawal liability requested by the Fund. Answer, ¶ 18; Response to Req. to Admit, ¶ 13; Colin Aff., ¶ 17; Kamphuis Dep., p. 10.

20.    On April 2, 2007, Mr. Colin, on behalf of the Trustees of the Fund, sent notice to Roselle that it had failed to pay its first withdrawal liability payment, due on February 1, 2007, and therefore was in default.  Exhibit B to Plaintiff's Req. to Admit; Response to Req. to Admit, ¶ 9; Colin Aff., ¶ 14; Kamphuis Dep., p. 9, Ex. 3.

21.    The April 2, 2007 letter from Mr. Colin was received by Roselle.  Response to Request to Admit, ¶ 9; Kamphuis Dep., p. 9, Ex. 3.

22.    On January 25, 2008, John J. Toomey, counsel for the Trustees, in a letter on behalf of the Trustees, notified Roselle that its February 1, 2007, May 1, 2007, August 1, 2007, and November 1, 2007 payments were overdue.  The letter stated, *inter alia*:

> Roselle Farmers Lumber Company is hereby notified that, based upon the failure to pay the February 1, 2007 installment within 60 days after its receipt of written notification that its February 1, 2007 payment was overdue and within 61 days of the period described in Section 4219(b)(2)(A) of ERISA, the Trustees declare Roselle Farmers Lumber Company in default of its withdrawal liability payment obligations and are accelerating and requiring immediate payment of the full amount of withdrawal liability assessed of $81,614.00 together with interest calculated from the February 1, 2007 due date of the missed payment giving rise to the default.

Exhibit C to Plaintiff's Req. to Admit; Response to Reqs. to Admit, ¶¶ 9-10; Kamphuis Dep., p. 10, Ex. 4.

23.    The January 25, 2008, letter was received by Roselle on or about January 30, 2008. Exhibit D to Plaintiff's Req. to Admit; Response to Req. to Admit, ¶ 10; Kamphuis Dep., p. 10, Ex. 4.

24.    Roselle has failed, at any time, to request arbitration of any dispute concerning the withdrawal liability determination of the Trustees.  Kamphuis Dep., p. 11.

25.    Roselle failed to request review of the Fund's determination of withdrawal liability within 90 days of the letter from the Fund dated January 23, 2007.  Colin Aff., ¶ 15.

Respectfully submitted,

TRUSTEES OF THE SUBURBAN TEAMSTERS OF
NORTHERN ILLINOIS PENSION FUND

By:    /s/ Anthony B. Sanders
       One of Its Attorneys

JOHN J. TOOMEY
ANTHONY B. SANDERS
ARNOLD AND KADJAN
19 W. Jackson Boulevard
Chicago, Illinois  60604
(312) 236-0415