**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No.:  08 C 788 |
| v. | ) ) | Judge Coar |
| ROSELLE FARMERS LUMBER COMPANY, an Illinois corporation, a/k/a ROSELLE LUMBER COMPANY, | ) ) ) | Magistrate Judge |
| Defendant. | ) ) ) | |

**PLAINTIFFS' L.R. 56.1(a) EXHIBITS
SUPPORTING SUMMARY JUDGMENT**

1.     Complaint

2.     Answer to Complaint

3.     Plaintiffs' Request to Admit Facts

4.     Defendant's Response to Plaintiffs' Request to Admit Facts

5.     Affidavit of Jose M. Colin, Fund Manager of the Suburban Teamsters of Northern Illinois Pension Fund

6.     Affidavit of David C. Feinstein, Actuary and senior consultant of Cheiron, Inc.
       Ex. a)  Exhibit A to Feinstein Affidavit
       Ex. b)  Exhibit B to Feinstein Affidavit
       Ex. c)  Exhibit C to Feinstein Affidavit

7.     Deposition of Gerald Kamphuis, President of Roselle Farmers Lumber Company ("Roselle"), pages 4-11
       Ex. 1)  Exhibit 1 to Deposition, signature page for collective bargaining agreement between Roselle and Teamsters Local 673
       Ex. 2)  Letter to Roselle dated January 23, 2007
       Ex. 3)  Letter to Roselle dated April 2, 2007
       Ex. 4)  Letter to Roselle dated January 25, 2008
       Ex. 5)  Complaint in the instant case

Respectfully submitted,

TRUSTEES OF THE SUBURBAN TEAMSTERS
OF NORTHERN ILLINOIS PENSION FUND


By:     /s/ Anthony B. Sanders
        One of Its Attorneys


JOHN J. TOOMEY
ANTHONY B. SANDERS
ARNOLD AND KADJAN
19 W. Jackson Boulevard
Chicago, Illinois  60604
(312) 236-0415

Exhibit 1 to Plaintiffs' L.R. 56.1(a) Statement

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND )<br><br>Plaintiff, )<br><br>v. )<br><br>ROSELLE FARMERS LUMBER COMPANY )<br>an Illinois corporation, )<br><br>Defendant. ) | **FILED**<br>**FEBRUARY 6, 2008**<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>**08 C 788**<br><br>JUDGE COAR<br>MAGISTRATE JUDGE COX |

No.

Judge

PH

Magistrate Judge

**COMPLAINT**

Plaintiffs, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND ("Fund"), by their attorneys, JOHN J. TOOMEY, ARNOLD AND KADJAN, complain against Defendant, ROSELLE FARMERS LUMBER COMPANY, an Illinois corporation, as follows:

**JURISDICTION AND VENUE**

1.     This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2.     This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendment Acts of 1980, 29 U.S.C. §1001-1461 ("ERISA").

3.     This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§1132(e), 1132(f) and 1451(c).

4.     Venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), in that the Suburban Teamsters of Northern Illinois Pension Fund is administered at its principal place of business in West Chicago, Illinois.

## PARTIES

5.      Plaintiffs are the TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND ("Fund"), and the Fund is a multiemployer pension plan within the meaning of Section 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

6.      The present trustees of the Pension Fund are the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. §1301(a)(10)(A).    The Trustees administer the Pension Fund at 1275 W. Roosevelt Road, West Chicago, Illinois.

7.      Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

8.      ROSELLE FARMERS LUMBER COMPANY, is an Illinois corporation with its principal place of business at Roselle, Illinois and is or was engaged in an industry affecting commerce.

9.      ROSELLE FARMERS LUMBER COMPANY and any other trades and business under common control with them (the "Roselle Control Group") constitutes a single employer within the meaning of 29 U.S.C. 1301(b)(1) and the regulations thereunder.

10.     The Roselle Control Group is the "employer" for purposes of the determination of withdrawal liability under Title IV of ERISA.

11.     ROSELLE FARMERS LUMBER COMPANY was subject to collective bargaining agreements, executed between itself and Teamsters Local 673 under which ROSELLE FARMERS LUMBER COMPANY was required to make contributions to the Pension Fund on behalf of certain of its employees.

2

## CLAIM FOR RELIEF

12.     The Pension Fund has determined that during the plan year from January 1, 2007 to December 31, 2007, the Roselle Control Group permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. §1383.

13.     As a result of this complete withdrawal, all entities constituting the Roselle Control Group including ROSELLE FARMERS LUMBER COMPANY incurred withdrawal liability to the Pension Fund in the amount of $81,614.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. §1381(b) (the "Withdrawal Liability").

14.     On or about January 23, 2007 ROSELLE FARMERS LUMBER COMPANY received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§1382(2) and 1399(b)(1).

15.     The notice notified ROSELLE FARMERS LUMBER COMPANY that it was required to discharge its liability in four (4) quarterly payments beginning February 1, 2007 of $13,431.00 with a final payment due on August 1, 2008.

16.     On or about April 2, 2007 the Roselle Controlled group through ROSELLE FARMERS LUMBER COMPANY and its counsel, received a notice from the Pension Fund pursuant to 29 U.S.C. 1399(c)(5)(A) that its withdrawal liability payments were past due.

17.     Pursuant to 29 U.S.C. 1399(c)(2) withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review. No such request for review has been made by Defendant.

18.    To date no member of the Roselle Control Group including Defendant, ROSELLE FARMERS LUMBER COMPANY has made any of the requested withdrawal liability payments to the Pension Fund.  The Roselle Control Group is in default within the meaning of 29 U.S.C. 1399(c)(5).

19.    As a result of the default, the Trustees have accelerated the payment of the full amount of withdrawal liability and the Roselle Control Group is now liable for the full amount of withdrawal liability assessed of $81,614.00 together with interest calculated from the February 1, 2007 due date of the missed payment giving rise to the default.

20.    The members of the Roselle Control Group including Defendant, ROSELLE FARMERS LUMBER COMPANY are jointly and severally liable for the withdrawal liability.

WHEREFORE, Plaintiffs request the following relief:

A.    A judgment for the Plaintiffs and against the Defendant ROSELLE FARMERS LUMBER COMPANY , together with all other members of the Roselle Control Group, jointly and severally for the full amount of withdrawal liability assessed of $81,614.00 together with interest calculated from February 1, 2007 through the date of the judgment.

B.    Pursuant to 29 U.S.C. 1451(e), an award of all costs and expenses incurred in connection with the action including reasonable attorneys fees.

C.    Such further or different equitable relief as the court deems just and proper to protect the assets of the Pension Fund and assure prompt payment.

Respectfully submitted,

**s/John J. Toomey**
ARNOLD AND KADJAN
19 W. Jackson Blvd., Suite 300
Chicago, IL 60604
Telephone No.:  (312) 236-0415
Facsimile No.:  (312) 341-0438
Dated:  January 31, 2008

Exhibit 2 to Plaintiffs' L.R. 56.1(a) Statement

649-15                                              ARDC No. 6180949

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TRUSTEES OF THE SUBURBAN TEAMSTERS ）
OF NORTHERN ILLINOIS PENSION FUND ）
AND WELFARE FUNDS, ）
                             ）
     v.                      ）    Case No. 08 C 788
                             ）
ROSELLE FARMERS LUMBER COMPANY, ）    Judge Coar
                           ）
           Defendant.    ）    Magistrate Judge Cox

## ANSWER TO COMPLAINT

**NOW COMES** the Defendant, ROSELLE FARMERS LUMBER CO. ("RLC"), an

Illinois Corporation, by and through its attorney, TIMOTHY J. KLEIN, and for its Answer to the

Complaint filed by the Plaintiff, TRUSTEES OF THE SUBURBAN TEAMSTERS OF

NORTHERN ILLINOIS PENSION FUND AND WELFARE FUNDS ("TRUSTEES"), states as

follows:

    1.     RLC admits this allegation.

    2.     RLC admits this allegation.

    3.     RLC admits this allegation.

    4.     RLC admits this allegation.

    5.     RLC admits this allegation.

    6.     RLC admits this allegation.

    7.     RLC admits this allegation.

    8.     RLC admits this allegation.

    9.     RLC admits this allegation.

10.    RLC admits this allegation.

11.    RLC admits this allegation.

12.    RLC admits this allegation.

13.    RLC denies this allegation.

14.    RLC admits this allegation.

15.    RLC admits the "notice" is accurately alleged, but denies the truth of the allegation.

16.    RLC admits the "notice" contended that liability payments were past due, but denies the truth of the allegation.

17.    RLC denies this allegation.

18.    RLC admits that the "requested withdrawal liability payments" have not been made, but denies the remaining allegations.

19.    RLC denies this allegation.

20.    RLC denies this allegation.

WHEREFORE, the Defendant, ROSELLE FARMERS LUMBER COMPANY prays entry of a Judgment in its favor and against the TRUSTEE, for its costs in responding to the Complaint, and for such other and different relief as this Court deems just.

Dated: March 31, 2008                    ROSELLE FARMERS LUMBER CO., Defendant


                                         By:  s/ Timothy J. Klein
                                            TIMOTHY J. KLEIN, its attorney.

**TIMOTHY J. KLEIN, ESQ.**
290 Springfield Dr., Suite 220
Bloomingdale, IL  60108
(630) 893-5200

Exhibit 3 to Plaintiffs' L.R. 56.1(a) Statement

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08 C 788 |
| ROSELLE FARMERS LUMBER COMPANY an Illinois corporation, | ) ) ) ) | Judge Coar  Magistrate Judge Cox |
| Defendant. | ) ) | |

**PLAINTIFFS' FIRST REQUEST TO DEFENDANT
TO ADMIT FACT OR APPLICATION OF LAW TO FACT**

TO:     Timothy J. Klein, Esq.
        290 Springfield Drive
        Suite 220
        Bloomingdale, Illinois  60108

Plaintiffs, Trustees of the Suburban Teamsters of Northern Illinois Pension Fund, by its their attorney, John J. Toomey, Arnold and Kadjan, pursuant to Federal Rule of Civil Procedure 36, submit the following Requests to Defendant, Roselle Farmers Lumber Company together with all trades or businesses under common control with it within the meaning of ERISA Section 4001(b), 29 U.S.C. Section 1301(b), to Admit Fact or Application of Law to Fact:

1.     Admit that Roselle Farmers Lumber Company ceased making contributions to the Suburban Teamsters of Northern Illinois Pension Fund in 2007.

2.     Admit that Roselle Farmers Lumber Company ceased to be obligated to make contributions to the Suburban Teamsters of Northern Illinois Pension Fund in 2007 and, thus, completely withdrew from the Fund in 2007.

1

3.    Admit that Gerald Kamphius, Jr. was Secretary of Roselle Farmers Lumber Company.

4.    Admit that Gerald Kamphius, Jr. was President of Roselle Farmers Lumber Company during all 2007.

5.    Admit that Exhibit A, dated January 23, 2007, is a true and correct copy of a letter signed by Jose M. Colin, in his capacity as a representative of the Trustees of the Suburban Teamsters of Northern Illinois Pension Fund that was received by Roselle Farmers Lumber Company on January 25, 2007.

6.    Admit that Exhibit A states that withdrawal liability of Roselle Farmers Lumber Company has been calculated to be in a total amount of $81,614.00.

7.    Admit that Exhibit A demands that Roselle Farmers Lumber Company pay its withdrawal liability pursuant to a schedule with the first installment payment of $13,431.00 due on February 1, 2007, May 1, 2007, August 1, 2007, November 1, 2007, February 1, 2008, May 1, 2008 and a final payment of $5,355.00 due on August 1, 2008.

8.    Admit that Roselle Farmers Lumber Company failed to make its first withdrawal liability installment payment of $13,431.00 due on February 1, 2007.

9.    Admit that Exhibit B, dated April 2, 2007, is a true and correct copy of a letter signed by Jose M. Colin, in his capacity as a representative of the Trustees of the Suburban Teamsters of Northern Illinois Pension Fund that was received by Roselle Farmers Lumber Company on April 5, 2007.

10.    Admit that Exhibit C, dated January 25, 2008, is a true and correct copy of a letter signed by John J. Toomey, in his capacity as legal representative of the Trustees

2

of the Suburban Teamsters of Northern Illinois Pension Fund that was received by Gerald Kamphius, Jr. on January 30, 2008.

11.    Admit that Exhibit D is a true and correct copies of Domestic Return Receipts indicating that Exhibit C was delivered to Gerald Kamphius, Jr.

12.    Admit that Exhibits B and C state that the first quarterly withdrawal liability installment payment of $13,431.00 due on February 1, 2007, is overdue.

13.    Admit that Roselle Farmers Lumber Company failed to pay both its first quarterly withdrawal liability installment payment of $13,431.00, due on February 1, 2007 and subsequent quarterly withdrawal liability installment payments of $13,431.00, due on May 1, 2007, August 1, 2007, November 1, 2007, February 1, 2008, May 1, 2008 and a final payment of %5,355.00 due on August 1, 2008.

14.    Admit that Roselle Farmers Lumber Company failed to present to the Trustees of the Suburban Teamsters of Northern Illinois Pension Fund a request for review, identification of any inaccuracy in the amount of the unfunded vested benefit allocable to it or other additional relevant information within 90 days of the date it received Exhibit A.

15.    Admit that Roselle Farmers Lumber Company failed to present to the Trustees of the Suburban Teamsters of Northern Illinois Pension Fund a request for review or identification of any inaccuracy in the amount of the unfunded vested benefit allocable to it or any other additional relevant information at any time.

16.    Admit that Roselle Farmers Lumber Company has failed at any time to request arbitration of any dispute concerning the withdrawal liability determination of the Trustees of the Suburban Teamsters of Northern Illinois Pension Fund.

17.    Admit that Gerald Kamphius, Jr. was the registered agent for Roselle Farmers Lumber Company during all of 2007.

18.    Admit that Exhibit C contains the following declaration:

Roselle Farmers Lumber Company is hereby notified that, based upon the failure to pay the February 1, 2007 installment within 60 days after its receipt of written notification that its February 1, 2007 payment was overdue and within 61 days of the period described in Section 4219(b)(2)(A) of ERISA, the Trustees declare Roselle Farmers Lumber Company in default of its withdrawal liability payment obligations and are accelerating and requiring immediate payment of the full amount of the withdrawal liability assessed of $81,614.00 together with interest calculated from the February 1, 2007 due date of the missed payment giving rise to the default.

19.    Admit that Roselle Farmers Lumber Company has not, at any time from February 1, 2007 to the present, paid any amount to the Trustees of the Suburban Teamsters of Northern Illinois Pension Fund toward the withdrawal liability demanded in Exhibit A.

DATED this 7th day of April, 2008.

TRUSTEES OF THE SUBURBAN TEAMSTERS
OF NORTHERN ILLINOIS PENSION FUND,

By: _____
        One of Their Attorneys

JOHN J. TOOMEY
STEVEN F. MCDOWELL
ARNOLD AND KADJAN
19 West Jackson Boulevard
Chicago, Illinois  60604
(312) 236-0415

4

# EXHIBIT A

**SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS
PENSION FUND**

1275 WEST ROOSEVELT ROAD, UNIT 121, WEST CHICAGO, ILLINOIS 60185

TELEPHONE 630-293-0390     FAX 630-562-0581

January 23, 2007

BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Roselle Farmers Lumber Company
Attention: Jerry Kamphuis
1 Windsong Way
Bloomington, IL 61704

Re:     Withdrawal Liability

Dear Mr. Kamphuis:

Roselle Lumber Company completely withdrew from the Suburban Teamsters of Northern Illinois Pension Fund ("Pension Fund") during the plan year ending on December 31, 2006. Under the provisions of Section 4219 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as modified by the Multiemployer Pension Plan Amendments Act of 1980, you are hereby notified that your company is obligated to pay the Pension Fund the amount of $81,614.00 as a withdrawal liability assessment. This amount is payable in quarterly installments of $13,431.00, commencing on February 1, 2007, and with following payments in the same amount due on May 1, 2007, August 1, 2007, November 1, 2007, February 1, 2008, May 1, 2008, with a final payment of $5,355.00 due on August 1, 2008. You may also discharge your obligation with a single payment of $81,614.00, payable on February 1, 2007. I have enclosed a copy of the calculation of the withdrawal liability.

If you fail to make any payment when due, the entire balance will become immediately due and payable and the Pension Fund will assess interest from the due date and will undertake appropriate legal action to collect the withdrawal liability. I also direct your attention to ERISA Sections 4219 and 4221 for a description of rights you may have in connection with this assessment of withdrawal liability.

Very truly yours,

Jose Colin

Encl
cc: Mr. Barry G. Collins
    Mr. David Feinstein
    Mr. John J. Toomey

# EXHIBIT B

# SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND

1275 WEST ROOSEVELT ROAD, UNIT 121, WEST CHICAGO, ILLINOIS 60185

TELEPHONE 630-293-0390      FAX 630-562-0581

April 2, 2007

BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Roselle Farmers Lumber Company
Attention: Jerry Kamphuis
1 Windsong Way
Bloomington, IL 61704

Re: Withdrawal Liability

Dear Mr. Kamphuis:

On January 23, 2007, we advised you that Roselle Farmers Lumber Company was required to make its first quarterly withdrawal liability installment payment of $13,431.00 on February 1, 2007. You have not made the payment. You are now in default. You have 15 days to cure this default by paying the delinquent payment plus interest no later than April 16, 2007. If payment is not received by the April 16, 2007, your case will be deferred to the Fund's collection attorney.

Sincerely,

José Colín
Fund Manager

Encl
cc: Mr. Barry G. Collins
    Mr. David Feinstein
    Mr. John J. Toomey

**EXHIBIT C**

HUGH B. ARNOLD
DANIEL N. KADJAN
JOHN J. TOOMEY
L. STEVEN PLATT
JOHN F. ETZKORN
DONALD D. SCHWARTZ
STEVEN F. McDOWELL

JAMES R. ANDERSON
PAIGE E. ARNOLD
PAUL M. EGAN
ANTHONY B. SANDERS
PHILIP BRZOZOWKSI
ROSS B. MANTELL

LAW OFFICES

# ARNOLD AND KADJAN

19 WEST JACKSON BOULEVARD

## CHICAGO IL

60604-3958

TELEPHONE (312) 236-0415
FAX # (312) 341-0438

PLEASE REFER TO
OUR FILE NUMBER

January 25, 2008

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
and REGULAR MAIL
Mr. Jerry Kamphuis
Roselle Farmers Lumber Company
1 Windsong Way
Bloomington, IL 61704

RE:    Roselle Farmers Lumber Company - Withdrawal Liability
Suburban Teamsters of Northern Illinois Pension Fund
Notice of Default and Acceleration of Withdrawal Liability
Obligation

Dear Mr. Kamphuis:

We represent the Trustees of the Suburban Teamsters of Northern Illinois Pension Fund. In a letter dated April 2, 2007, the Trustees notified Roselle Farmers Lumber Company that it had failed to make its first quarterly withdrawal liability installment payment of $13,431.00 on February 1, 2007. This amount has never been received by the Fund nor have the subsequent quarterly installments in the same amount that were due May 1, 2007, August 1, 2007, and November 1, 2007. Roselle Farmers Lumber Company is hereby notified that, based upon the failure to pay the February 1, 2007 installment within 60 days after its receipt of written notification that its February 1, 2007 payment was overdue and within 61 days of the period described in Section 4219(b)(2)(A) of ERISA, the Trustees declare Roselle Farmers Lumber Company in default of its withdrawal liability payment obligations and are accelerating and requiring immediate payment of the full amount of the withdrawal liability assessed of $81,614.00 together with interest calculated from the February 1, 2007 due date of the missed payment giving rise to the default.

Yours truly,

ARNOLD AND KADJAN

By:    *John J. Toomey*

    John J. Toomey

JJT:cc

cc:   Mr. Jose Colin

# **EXHIBIT D**

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Jerry Kamphuis
Roselle Farmers Lumber Co.
1 Windsong Way
Bloomington, IL 617__

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
☑ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
1-30-08

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☑ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from    7002 2410 0005 9711 0711

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

Exhibit 4 to Plaintiffs' L.R. 56.1(a) Statement

649-15.2

ARDC No. 6180949

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TRUSTEES OF THE SUBURBAN TEAMSTERS  )
OF NORTHERN ILLINOIS PENSION FUND   )
AND WELFARE FUNDS,                      )

         v.                           )     Case No. 08 C 788

                                  )
ROSELLE FARMERS LUMBER COMPANY,   )     Judge Coar

                Defendant.      )     Magistrate Judge Cox

## <u>ANSWER TO FIRST REQUEST TO ADMIT</u>

**NOW COMES** the Defendant, ROSELLE FARMERS LUMBER CO. ("RLC"), an Illinois Corporation, by and through its attorney, TIMOTHY J. KLEIN, and, pursuant to Federal Rule of Civil Procedure 36, for its Answer to the First Request To Admit served upon him by the Plaintiff, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND AND WELFARE FUNDS ("TRUSTEES"), states as follows:

1.    RLC admits these facts.

2.    RLC denies these facts; but admits it ceased to be obligated in 2006.

3.    RLC admits these facts.

4.    RLC admits these facts.

5.    RLC admits these facts.

6.    RLC admits the Plaintiff's calculation is as stated; without admitting the amounts due are as stated.

7.    RLC admits the Exhibit states what is set forth; without admitting the truth of the matter.

8.     RLC admits this fact; without admitting the amount due is as stated.

9.     RLC admits these facts.

10.     RLC admits these facts.

11.     RLC admits these facts.

12.     RLC admits the Exhibit states what is set forth; without admitting the truth of the matter.

13.     RLC admits it did not pay any "withdrawal liability installment payments;" without admitting the amounts due are as stated.

14.     RLC denies these purported facts, as it did communicate both verbally and in writing on numerous occasions, through Mr. Kamphuis, and counsel, as to the basis for the alleged liability.

15.     RLC denies these purported facts, as it did communicate both verbally and in writing on numerous occasions, through Mr. Kamphuis, and counsel, as to the basis for the alleged liability.

16.     RLC admits that it did not initiate arbitration.

17.     RLC admits these facts.

18.     RLC admits the Exhibit states what is set forth; without admitting the truth of the matter.

19.     RLC admits these facts.

Dated: May 7, 2008

**ROSELLE FARMERS LUMBER CO.,**
Defendant

By: _____
    TIMOTHY J. KLEIN, its attorney.

**TIMOTHY J. KLEIN, ESQ.**
290 Springfield Dr., Suite 220
Bloomingdale, IL 60108
(630) 893-5200

Exhibit 5 to Plaintiffs' L.R. 56.1(a) Statement

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

TRUSTEES OF THE SUBURBAN TEAMSTERS )
OF NORTHERN ILLINOIS PENSION FUND )
                                  )
        Plaintiffs,             )
                                    )
    v.                           )      Case No.: 08 C 788
                                    )
ROSELLE FARMERS LUMBER COMPANY, an )      Judge Coar
Illinois corporation, a/k/a ROSELLE LUMBER )
COMPANY,                    )      Magistrate Judge
                                    )
        Defendant.         )
                                    )

## AFFIDAVIT

I, Jose M. Colin, upon being first duly sworn, on oath deposes and states:

1.      Affiant is the Fund Manager of the Suburban Teamsters of Northern Illlinois Pension Fund ("Fund"), located at 1171 Commerce Drive, Unit 1, West Chicago, Illinois 60185-2680.

2.      As part of my responsibilities for the Fund, I advise and oversee the collection of contributions, withdrawal liability, and correspondence between the Fund and employers.

3.      The Trustees are the plan sponsor of the Fund within the meaning of Section 4001(a)(10)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1301(a)(10(A).

4.      The Fund is a multiemployer pension plan within the meaning of Section 3(37) and 4001(a)(3) of ERISA, 28 U.S.C. §§ 1002(37) and 1301(a)(3).

5.      The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements on behalf of employees of the

1

participating employers.

6.    All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Fund and paying the administrative expenses of the Fund.

7.    From a review of the reporting history of Roselle Farmers Lumber Company, a/k/a Roselle Lumber Company ("Roselle"), I can conclude that from at least the year ending December 31, 1997 and into the year ending December 31, 2006, Roselle employed persons represented for collective bargaining by Teamsters Local 673, whose members participate in the Fund.

8.    Also from a review of its reporting history, I can conclude that from at least the year ending December 31, 1997 and into the year ending December 31, 2006, Roselle made pension contributions to the Fund for its employees represented by Teamsters Local 673, as called for in the collective bargaining agreement.

9.    Also from a review of its reporting history, I can conclude that Roselle did not employ any persons engaged in operations requiring contributions to the Fund after the year ending December 31, 2006.

10.    Roselle has not made any pension contributions to the Fund on behalf of any of its employees for work performed for any months since 2006.

11.    In assessing withdrawal liability, the Fund applies the "presumptive" method, as described in 29 U.S.C. § 1391.

12.    David C. Feinstein of Cheiron, completed a determination of the withdrawal liability of Roselle.

2

13.    I, on behalf of the Trustees of the Fund, sent notice of this determination to Roselle on or about January 23, 2007.

14.    On April 2, 2007, I, on behalf of the Trustees of the Fund, sent notice to Roselle that it had failed to pay its first withdrawal liability payment, due on February 1, 2007, and therefore was in default.

15.    At no point within 90 days of the receipt of said letter did Roselle, or its counsel, request review of our determination of withdrawal liability.

16.    At no point did Roselle pay any amount of its withdrawal liability.

17.    Affiant is not currently suffering any infirmities and is competent to testify to all the foregoing.

FURTHER AFFIANT SAYETH NOT.


**SUBSCRIBED AND SWORN TO**
before me this 28 day
of July 2008

_____    Jose M. Colin


_Deborah K. Simmons_
Notary Public

OFFICIAL SEAL
DEBORAH K. SIMMONS
Notary Public, State of Illinois
My commission Expires 05-30-12

3