IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE SUBURBAN )
TEAMSTERS OF NORTHERN ILLINOIS
PENSION FUND
                                )
          **Plaintiff,**         )
                                )   No. 08 C 788
          v.                     )
                                )   HONORABLE DAVID H. COAR
ROSELLE FARMERS LUMBER  )
COMPANY, an Illinois corporation, a/k/a  )
ROSELLE LUMBER COMPANY  )
                                )
          **Defendant.**       )

## MEMORANDUM OPINION AND ORDER

Plaintiff Trustees of the Suburban Teamsters of Northern Illinois Pension Fund ("Plaintiff" or "Trustees") brings an action against Defendant Roselle Farmers Lumber Company ("Defendant" or "Roselle") for an alleged violation of Section 4201(b) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1381. Before the Court now is Plaintiff's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's motion is **GRANTED**.

## FACTS

Defendant failed to file any response to Plaintiff's Motion for Summary Judgment. Northern District of Illinois Local Rule 56.1(b)(3)(C) provides that all material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party. *See also F.T.C. v. Bay Area Business Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005) ("Because of the important function local rules like Rule 56.1 serve

in organizing the evidence and identifying disputed facts, we have consistently upheld the district court's discretion to require strict compliance with those rules."). Therefore, the Court accepts as true all of the facts in Defendant's Local Rule 56.1 Statement of Undisputed Facts ("SOF"), insofar as they are supported by the evidentiary record.

Trustees are the plan sponsors of the Pension Fund ("Fund") for the Suburban Teamsters of Northern Illinois, within the meaning of Section 4001(a)(10)(A) of the ERISA, 29 U.S.C. § 1301(a)(10)(A). SOF ¶ 1. The Fund is a multiemployer pension plan within the meaning of Section 3(37) and 4001(a)(3) of ERISA, 28 U.S.C. §§ 1002(37) and 1301(a)(3). SOF ¶ 2. The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements on behalf of employees of the participating employers. SOF ¶ 3. All principal income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Fund and paying the administrative expenses of the Fund. SOF ¶ 4.

Defendant Roselle is an Illinois corporation and is or was engaged in an industry affecting commerce. SOF ¶ 5. From at least December 31, 1997 until December 31, 2006, Defendant employed persons represented for collective bargaining by Teamsters Local 673, whose members participate in the Fund. SOF ¶ 8. Defendant was subject to a collective bargaining agreement between itself and Teamsters Local 673 requiring Defendant to make contributions to the Fund on behalf of certain of its employees. SOF ¶ 9. From at least December 31, 1997 until December 31, 2006, Defendant made pension contributions to the Fund for its employees as called for in the collective bargaining agreement. SOF ¶ 10.

Defendant ceased employing Teamsters in October 2006. SOF ¶ 11. It has not employed any persons engaged in operations requiring contributions to the Fund since then. SOF ¶ 12. On

January 23, 2007, the Fund Manager for the Trustees, Jose Colin, sent Defendant a letter stating that, pursuant to 29 U.S.C. § 1381, the pension plan's sponsor was notifying Defendant of the amount of withdrawal liability that it had incurred due to the cessation of its obligations to contribute to the Fund. SOF ¶ 13. The letter calculated Defendant's liability according to 4211(b) of the ERISA, 29 U.S.C. § 1391, to be $81,614.00, to be paid in quarterly installments. SOF ¶ 15-16. The letter was received by Defendant on or about January 25, 2007. SOF ¶ 14. Defendant failed to request review of Plaintiff's determination of withdrawal liability within ninety days of the letter dated January 23, 2007. SOF ¶ 25.

On April 2, 2007, Plaintiff sent notice to Defendant that it had failed to pay its first withdrawal liability payment, due February 1, 2007, and was therefore in default. SOF ¶ 20. The April 2, 2007 letter was received by Defendant. SOF ¶ 21. Plaintiff set another letter to Defendant on January 25, 2008, notifying Defendant that it had missed four quarterly payments and demanding immediate payment of the full amount of the withdrawal liability. SOF ¶ 22. Defendant received this letter on or about January 30, 2008. SOF ¶ 23. To date, Defendant has not paid any amount of the withdrawal liability requested by the Fund. SOF ¶ 18.

Defendant has not at any time requested arbitration of any dispute concerning the withdrawal liability determination of the Trustees. SOF ¶ 24.

**JURISDICTION AND VENUE**

Personal and subject matter jurisdiction over this action is based upon 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c). The Trustees administer the Fund from West Chicago, Illinois, which is within the District of this Court.

**STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of establishing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the non-movant must set forth specific facts (a "scintilla of evidence" is insufficient) demonstrating that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 252; *see also Celotex*, 477 U.S. at 324. When reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Schuster v. Lucent Tech., Inc.*, 327 F.3d 569, 573 (7th Cir. 2003).

Defendant did not file a response to Plaintiff's Motion for Summary Judgment. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party. *Id.*

## ANALYSIS

### I. Defendant has incurred withdrawal liability under 29 U.S.C. §§ 1381, 1383.

Under the ERISA and the Multiemployer Pension Plan Amendments Act of 1980 (the "MPPAA"),

> If an employer withdraws from a multiemployer plan in a complete withdrawal or a partial withdrawal, then the employer is liable to the plan in the amount determined under this part to be the withdrawal liability.

29 U.S.C. § 1381. "Complete withdrawal" from a multiemployer plan occurs when an employer "(1) permanently ceases to have an obligation to contribute under the plan, or (2) permanently ceases all covered operations under the plan." 29 U.S.C. § 1383(a).

Defendant admitted that during the plan year from January 1, 2007 to December 31, 2007, Defendant permanently ceased to have an obligation to contribute to the Pension Fund, thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383. Compl. ¶ 12; Answer ¶ 12. Under 29 U.S.C. § 1381, when an employer withdraws from a multiemployer pension plan, the employer becomes immediately liable for its proportionate share of unfunded vested benefits. *Trustees of Chicago Truck Drivers, Helpers and Warehouse Workers Union (Indep.) Pension Fund v. Rentar Industries, Inc.*, 951 F.2d 152, 153 (7th Cir. 1991). Therefore, Defendant has incurred withdrawal liability under 29 U.S.C. § 1381.

### II. Plaintiff properly calculated, noticed and demanded payment of Defendant's withdrawal liability.

The MPPAA, 29 U.S.C. § 1381 *et seq.*, establishes procedures for determining the amount of an employer's withdrawal liability and for notification and payment. Following an employer's withdrawal from a multiemployer pension plan, the plan sponsor is required to determine the amount of withdrawal liability owed, notify the employer of this amount, and demand payment. 29 U.S.C. §§ 1382, 1399(b)(1). The amount of an employer's withdrawal liability is determined as of the last day of the plan year preceding the plan year in which the withdrawal occurs. 29 U.S.C. § 1391(b)(2)(A). An employer who disagrees with a plan's determination of withdrawal liability may ask the plan to review its assessment within ninety

days after notice and demand for payment of the withdrawal liability has been made. 29 U.S.C. § 1399(b)(2)(A). The Plan must notify the employer of its decision after its review. 29 U.S.C. § 1399(b)(2)(B). If it is still dissatisfied with the determination, the employer may then initiate arbitration within the sixty day period after the earlier of (1) the date of notification to the employer of the Plan's decision on review, or (2) 120 days after the date of the employer's request for review. 29 U.S.C. § 1401; *see also Trustees of Iron Workers Local 473 Pension Trust v. Allied Products Corp.*, 872 F.2d 208, 210-11 (7th Cir. 1989). Arbitration of any dispute concerning a plan's determination of withdrawal liability is mandatory and if an employer fails to timely initiate arbitration, the amount of withdrawal liability assessed by the plan becomes due and owing, and the plan can sue to collect it. 29 U.S.C. § 1401(b)(1); *Central States, Southeast and Southwest Areas Pension Fund v. Bell Transit Co.*, 22 F.3d 706, 707 (7th Cir. 1994) (citations omitted).

Plaintiff's actuary calculated Defendant's withdrawal liability to be $81,614.00. Defendant received notice and a demand for payment on January 23, 2007, a past due notice on April 2, 2007, and a default notice on January 25, 2008. SOF ¶ 13-14, 20-23. To date, Defendant has not paid any of its withdrawal liability. Defendant did not cure its missed payments within sixty days of the past due notice, and is therefore in default. Defendant did not request that Plaintiff review its assessment of the withdrawal liability, nor seek arbitration. SOF ¶ 26-27. Therefore, Defendant has waived all challenges to the withdrawal liability assessment.

## CONCLUSION

There is no genuine issue of material fact regarding Defendant's withdrawal liability under 29 U.S.C. § 1381. Plaintiff's Motion for Summary Judgment is therefore **GRANTED**.

Plaintiff is awarded damages in the amount of $81,614.00, with interest to be calculated from February 1, 2007 through the date of judgment.

Plaintiff has also requested an award of all costs and expenses incurred in connection with this action, including reasonable attorney's fees. Pursuant to Northern District of Illinois Local Rule 54.3(d), the parties involved shall confer and attempt in good faith to agree on the fees and costs, including the interest on the damages, that should be awarded. If they are unable to agree, Plaintiff shall file a fee motion with the Court in accordance with Fed. R. Civ. P. 54(d) and Local Rule 54.3.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

**Dated:** November 10, 2008